UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.:  11-cr-3717-WQH-2 |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| GABRIEL RIVERA-VARGAS (2), | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Petition to Revoke Supervised Release, filed by Defendant Gabriel Rivera-Vargas. ("Motion to Dismiss," ECF No. 65.)

## I.    Background

On July 25, 2011, Defendant was arrested when he illegally re-entered the United States from Mexico while concealed in the trunk of a vehicle that had crossed northbound through the San Ysidro, California Port of Entry. (ECF No. 28 at 3–4.)

Following his guilty plea, on December 19, 2011, Defendant was sentenced by this Court to a custodial term of 24 months followed by 2 years of supervised release for a violation of 18 U.S.C. § 1326(a) and (b). (ECF Nos. 37, 39.)

Defendant's term of supervised release commenced on April 21, 2013. (ECF No. 44 at 1.) Defendant was removed from the United States on April 22, 2013. *Id*.

On July 28, 2013, Defendant was found in the Eastern District of California and charged with another violation of 18 U.S.C. § 1326. *Id*. Following his guilty plea, on November 16, 2013, Defendant was sentenced to 18 months in custody in the Eastern District of California case. *Id*. at 2.

On August 28, 2014, Defendant filed a document in this Court pro se, which was entitled, "Defendant's Motion for Disposition of Probation Pursuant to California Penal Code Section 1203.2a with Waiver of Appearance and Right to Counsel." ("Motion for Disposition of Probation Pursuant to California Penal Code Section 1203.2a," ECF No. 42.)

On October 6, 2014, this Court issued an Order denying the Motion for Disposition of Probation Pursuant to California Penal Code Section 1203.2a, stating that "[n]o provision of California Penal Code § 1203.2a applies to the federal judgment filed in this case imposing supervised release." (ECF No. 43 at 1.)

On or about November 17, 2014, Defendant was released from custody pursuant to the judgment in the Eastern District of California case and removed from the United States to Mexico. (ECF No. 44 at 2.)

On January 22, 2015, the United States Probation Office ("Probation") submitted to this Court the pending Petition for Warrant or Summons for Offender under Supervision ("Petition"). *Id*. at 1. The Petition alleges that Defendant committed a violation of 18 U.S.C. § 1326 on July 28, 2013, as evidenced by his conviction in the Eastern District of California case. *Id*. In the Petition, a Probation Officer states under penalty of perjury: "Unfortunately the violation that took place in the Eastern District of California was not discovered until recently and Mr. Rivera-Vargas has since been released from custody and his whereabouts is unknown." *Id*. at 2.

On January 29, 2015, this Court signed the Petition, ordering the issuance of a no-bail bench warrant be issued based upon a finding of probable cause to bring Defendant before the Court to show cause why supervised release should not be

revoked for the alleged violation. *Id*. at 4. The arrest warrant was issued on January 30, 2015. (ECF No. 45.)

Over ten years later, on October 23, 2025, Defendant was arrested on the warrant when he again illegally re-entered the United States. On April 3, 2026, Defendant, through counsel, filed the pending Motion to Dismiss. (ECF No. 65.) Defendant contends:

> Despite having ample notice and opportunity to initiate revocation proceedings, Probation failed to submit a petition against Mr. Rivera-Vargas until after he had been deported to Mexico. Only now, more than a decade after that petition was filed, has Mr. Rivera-Vargas received an opportunity to address the violation in this Court.

> The extraordinary delays in this case violate due process. By failing to timely file a petition, Probation waived the violation as a ground for revocation. In addition, Mr. Rivera-Vargas has been prejudiced by the delay because important sentencing information is no longer available to him or to defense counsel. For these reasons, the Court should dismiss the petition to revoke supervised release….

*Id*. at 1–2.

On April 10, 2026, Plaintiff United States of America filed a Response in opposition to the Motion to Dismiss. (ECF No. 68.) Plaintiff contends:

> The petition is not stale and any prejudice to Mr. Rivera-Vargas from the ten-year period between issuance of the warrant and its execution is as a result of Mr. Rivera-Vargas's wrongdoing, rather than the United States or the United States Probation Office. Therefore, Mr. Rivera-Vargas's motion to dismiss the petition should be denied.

*Id*. at 6.

On April 10, 2026, following a guilty plea, Defendant was sentenced in 25-cr-4400-AGS to time served (approximately 175 days in custody) and one year of supervised release for a violation of 18 U.S.C. § 1326.

/ / /

/ / /

## II. Discussion

"A district court may violate due process when it revokes probation based on stale violations." *United States v. Shampang*, 987 F.2d 1439, 1443 (9th Cir. 1993) (citing *United States v. Hamilton*, 708 F.2d 1412, 1415 (9th Cir.1983)). In an analogous context, "where habeas petitioners challenged parole revocation hearings based on delay, [the Ninth Circuit], along with other circuits, have held that a due process violation occurs 'only when [the petitioner] 'establishes that the Commission's delay in holding a revocation hearing was both unreasonable and prejudicial.'" *Camacho v. White*, 918 F.2d 74, 79 (9th Cir. 1990) (quoting *Vargas v. U.S. Parole Comm'n*, 865 F.2d 191, 194 (9th Cir. 1988); citations omitted). "Unreasonable delay between the violation and the decision to revoke probation may prejudice the probationer by, among other things, making it more difficult for him or her to challenge the facts alleged to constitute a violation of probation conditions or to locate necessary witnesses." *Shampang*, 987 F.2d at 1443 (citing *United States v. Wickham*, 618 F.2d 1307, 1310 (9th Cir. 1979)). In *Wickham*, the Ninth Circuit stated:

> Ordinarily, to challenge a revocation proceeding, the delay must have been caused by government action that was not the result of the probationer's own criminal conduct. In addition, the delay must have prejudicially affected the probationer's ability to contest revocation. Prejudice might result from delays causing probationers difficulty in contesting the alleged facts constituting a violation of their release conditions; hardship in finding and presenting favorable witnesses; or inability to produce evidence of mitigating circumstances which might result in continued probation despite the violation.

*Wickham*, 618 F.2d at 1310 (citations omitted).

The Court first considers whether Defendant has shown that the delay in this case was "unreasonable." *Camacho*, 918 F.2d at 79. In *Hamilton*, which is the primary case relied upon by Defendant in the Motion to Dismiss, the probation officer was aware of the probationer's failure to carry out the terms of his probation

4                                                                    11cr3717

requiring him to serve 60 consecutive weekends in jail and the probationer subsequently petitioned the court to reschedule the final 11 weekends of jail service. Neither the court nor the probation officer took any action to reschedule the weekends or admonish the probationer for missing the final 11 weekends. It was not until a new probation officer was assigned to the case three years later that either probation or the court attempted to revoke probationer's supervised release for, among other things, the failure to complete the 11 remaining weekends of jail time. The Court of Appeals for the Ninth Circuit held that "[r]evocation of probation after unreasonable delay or under circumstances inherently misleading to the probationer is an abuse of discretion." *Hamilton*, 708 F.2d at 1415. The court further stated that "Hamilton was misled or did not receive adequate notice as to the true nature of his obligations"; "[a]t some point, … violations of which the district court has been apprised and upon which the probationer has sought corrective action become stale or are waived as a basis for revoking probation"; and, "[t]hree years is beyond that point under the circumstances of this case." *Id*. (citation omitted).

Here, there is no showing that Defendant was misled by Probation or the Court, or that he did not have adequate notice of his obligation not to return to the country illegally. On August 28, 2014, Defendant filed his Motion for Disposition of Probation Pursuant to California Penal Code Section 1203.2a, indicating he was in custody in Lompoc, California for violating "18 U.S.C. 3583(a) Re-Entry." (ECF No. 42 at 2.) The Court's October 6, 2014 Order stated that "[n]o provision of California Penal Code § 1203.2a applies to the federal judgment filed in this case imposing supervised release." (ECF No. 43 at 1.) The Court's Order stated that Defendant "moves the Court to 'terminate his current probation and dismiss any further pending actions in this matter and/or to impose the previously suspended sentence in a manner to Court deems fair and just'" and then stated that the motion "is denied." *Id*. at 1–2 (quoting ECF No. 42 at 4). It is not reasonable to read this Order as relieving Defendant of the terms of his supervised release.

Defendant speculates that the Probation Officer in this District would have been contacted by an officer in the Eastern District during the preparation of the Presentence Report in 2013 (*see* ECF No. 65 at 4); however, Defendant offers no evidence to support this assertion. In the pending January 22, 2015 Petition, the Probation Officer stated under oath that "the violation that took place in the Eastern District of California was not discovered until recently." (ECF No. 44 at 2.) The Court accepts this sworn statement as true and finds that Probation did not delay unreasonably in petitioning the Court for revocation of Defendant's supervised release. The Court finds that any delay beyond the filing of the January 2015 Petition is not attributable to Probation or the Court. After January 2015, the choice of whether and when to return to this country illegally was entirely in the control of Defendant. *Cf. Camacho*, 918 F.2d at 79 ("Camacho himself was the primary cause for the delay he now contends will violate his due process rights.… The delay here was, therefore, not unreasonable."). The Court finds that the delay in this case was not unreasonable.

Next, the Court considers whether Defendant has shown that the delay was "prejudicial." *Id*. Defendant contends that he suffered prejudice because "the extraordinary delay in this case … prevents Mr. Rivera-Vargas from adequately responding to the charges against him by preventing defense counsel from gathering important information for sentencing." (ECF No. 65 at 5–6.) Specifically, Defendant contends that his counsel can no longer "consult with counsel from the underlying case to receive discovery and additional information related to the disposition of that case," such as "whether Mr. Rivera-Vargas was living with family and arrested without incident," which "would be important for the Court to consider" in sentencing Defendant in this case. *Id*. at 6. Defendant also contends that the delay prejudices him because "[i]n 2013, or even 2014, defense counsel could have obtained mitigation letters from Mr. Rivera-Vargas' parents—or at least

11cr3717

could have spoken with them," but "[t]hat is no longer an option" because his father has since passed away and his mother "is severely ill." *Id*. at 7.

Given that Defendant pled guilty to violating 18 U.S.C. § 1326 in the Eastern District case (as well as in the more recent Southern District of California Case No. 25-cr-4400-AGS), the only possible prejudice occasioned by the lengthy delay in adjudicating the pending Petition concerns sentencing and mitigation issues. Defendant himself can speak to his reasons for returning to the country illegally, and he does so in his Sentencing Memorandum filed in this case on April 3, 2026 (*see* ECF No. 66). To the extent the delay has deprived Defendant of the ability to obtain corroboration for his statements, the Court finds that due process requires the Court to accept all factual representations in his Sentencing Memorandum as true. At sentencing, Defendant also may speak to his living conditions and/or the circumstances of his arrest, to the extent he believes those issues are relevant to the sentence which should be imposed. The Court finds that Defendant's other assertions of prejudice are too speculative to constitute a violation of due process. Accordingly, the Court finds that Defendant has failed to show that the delay was prejudicial.

### III.   Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss Petition to Revoke Supervised Release is denied. (ECF No. 65.)

Dated:  April 20, 2026

Hon. William Q. Hayes
United States District Court

7                                           11cr3717